UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Vidal Licea Morales, | File Nos. 24-CV-03121 (JMB/DTS) |
| Petitioner, | 24-CV-03366 (JMB/DTS) |
| v. | |
| Jared Rardin, | **ORDER** |
| Respondent. | |

Vidal Licea Morales, Rochester, MN, self-represented.

Ana H. Voss, Trevor Brown, and Adam J. Hoskins, United States Attorney's Office, Minneapolis, MN, for Respondent Jared Rardin.

This matter is before the Court on Respondent Jared Rardin's motions to dismiss Petitioner Vidal Licea Morales's petitions for a writ of habeas corpus on grounds that the petitions are moot and contrary to law. (24-CV-3121 Doc. No. 23; 24-CV-3366 Doc. No. 21.) Morales opposes. For the reasons explained below, the Court grants the motions.

## BACKGROUND

Morales is incarcerated at FMC Rochester. (24-CV-3121 Doc. No. 24 [hereinafter "Sluder Decl."] ¶ 3.) In April 2023, Morales was found to have committed a disciplinary violation for violating BOP Code No. 115 (Destroying an Item During a Search) following a disciplinary hearing. (Sluder Decl. ¶ 3.) Later, in May 2023, Morales was found to have committed another disciplinary violation for violating BOP Code No. 108 (Possessing a Hazardous Tool). (*Id.* ¶ 3.) Together, these disciplinary findings resulted in the loss of 82

1

days of good-time credits, the loss of 150 days of non-vested good-time credits, and other sanctions such as spending time in disciplinary segregation, property impoundment, and loss of other privileges. (*Id.* ¶ 3.)

In August 2024, Morales filed two petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 related to the sanctions imposed in the April and May 2023 disciplinary hearings. (24-CV-3121 Doc. No. 1; 24-CV-3366 Doc. No. 1.) In his petitions, Morales alleges that the disciplinary process—and resulting sanctions—were tainted by several constitutional deficiencies. Among other deficiencies,[1] Morales asserts that the Federal Bureau of Prisons (BOP) denied him the opportunity to call witnesses, the hearings officer was not impartial, and the evidence was insufficient to justify the disciplinary sanctions because it included only a one-sided, self-serving statement by a corrections officer. (24-CV-3121 Doc. No. 3 at 8–13; 24-CV-3366 Doc. No. 2 at 8–14.)

On November 20, 2024, after reviewing Morales's petitions, the BOP decided to vacate the April and May 2023 disciplinary sanctions imposed and send both alleged disciplinary violations back for rehearing. (Sluder Decl. ¶¶ 3, 6.) At the direction of Tammy Sluder, the BOP's Chief Discipline Hearing Administer, the BOP set aside the findings from the April and May 2023 hearings, and consequently, the BOP restored 232

---

[1] Morales also asserts that his sanctions were imposed in violation of *Accardi v. Shaughnessy*, 347 U.S. 260 (1954), which proscribes agencies from violating their own rules and regulations, *Miranda v. Arizona*, 384 U.S. 436 (1966) (24-CV-3121 Doc. No. 3 at 13–16; 24-CV-3366 Doc. No. 2 at 14–15), the Non-Delegation Clause of the U.S. Constitution (24-CV-3121 Doc. No. 3 at 17; 24-CV-3366 Doc. No. 2 at 16), and the Appointment Clause of the U.S. Constitution (24-CV-3121 Doc. No. 3 at 18–21; 24-CV-3366 Doc. No. 2 at 17–20).

2

days of good-time credit to Morales. (*Id.* ¶ 4.) Sluder states in a sworn declaration that the rehearings will be considered "before an adjudicator duly appointed by the Attorney General," who will "make a fresh determination as to Morales's conduct violation and as to what sanctions (if any) are appropriate." (*Id.* ¶ 6.) She further states that, if, after rehearing, the adjudicator imposes disciplinary segregation or privileges restrictions, they will count as having already been served. (*Id.* ¶ 5.)

## DISCUSSION

Rardin has moved to dismiss Morales's petition on grounds that the issues raised in it are moot, and Morales responds, arguing that the voluntary cessation exception to mootness applies. The Court agrees with Rardin and grants the motions to dismiss.

Article III of the U.S. Constitution provides that federal courts only have jurisdiction over ongoing cases or controversies. U.S. Const. art. III, § 2. If, at any point, an action ceases to present a case or controversy, "the action is moot and a federal court must dismiss the action." *Potter v. Norwest Mortg. Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). The case-or-controversy is no longer satisfied if "an event occurs, during the course of the proceedings, which precludes the court from granting any meaningful relief to the party who initiated the action." *Woodard v. Fondren*, No. 08-CV-0194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008).

Here, the BOP has set aside the findings from, and the good-time sanctions imposed pursuant to, the April and May 2023 hearings. (Sluder Decl. ¶¶ 3–4; 24-CV-3121 Doc. No. 23 at 2–3.) Because the disciplinary sanctions from April and May 2023 have been vacated and Morales's lost good-time credits have been restored (i.e., there has been no

3

impact to the duration of Morales's confinement), the Court can no longer grant habeas relief and there is no ongoing case or controversy remaining. *E.g.*, *Calderon v. Moore*, 518 U.S. 149, 150 (1996).

Nevertheless, Morales argues that the voluntary cessation exception to the mootness doctrine compels denial of the motion as it relates to his claim that the proceedings violated the Non-Delegation Clause.[2] (24-CV-3121 Doc. No. 33 at 2.) The voluntary-cessation exception to mootness provides that a party's "voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the [challenged] practice" if the party is "free to go return to his old ways." *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quotation omitted).

In this case, the voluntary-cessation doctrine does not preclude dismissal because Morales's argument that the Non-Delegation Clause prohibits the BOP from conducting disciplinary hearings lacks merit. "[A] delegation is constitutional so long as Congress has

---

[2] None of the asserted procedural deficiencies occurred as a result of an ongoing practice or policy, and Morales offers no convincing argument why these deficiencies will recur at a new hearing. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (noting that if a person is not challenging the length or validity of detention, "such as loss of good time, then a writ of habeas corpus is not the proper remedy" (quotation omitted)). In his opposition, Morales does not assert that the alleged due-process violations or the alleged *Accardi* and *Miranda* violations survive Rardin's mootness analysis, and thus the Court construes Morales's position as arguing that only the alleged violation of the Non-Delegation Clause survives as a live controversy. To the extent that Morales's opposition can be read to assert that the alleged Appointments Clause violation survives as well, the Court disagrees. The law is clear on this point: the appropriate remedy for an adjudication that allegedly violates the Appointments Clause is "a new hearing before a properly appointed official." *Lucia v. SEC*, 585 U.S. 237, 251 (2018) (quotation omitted). The BOP has stated in a sworn affidavit that it will provide Morales with a rehearing before a properly appointed official. (Sluder Decl. ¶ 6.) As Morales already received the remedy a successful challenge would yield, his claim under the Appointments Clause is moot.

4

set out an 'intelligible principle' to guide the delegee's exercise of authority." *Gundy v. United States*, 588 U.S. 128, 145 (2019) (quoting *J.W. Hampton, Jr., & Co. v. United States*, 276 U.S. 394, 409 (1928)). This is "not [a] demanding" standard, *Gundy*, 588 U.S. at 146, and courts have rarely invalidated Congress's delegation of authority. *Mistretta v. United States*, 488 U.S. 361, 373–74 (1989) (noting only a few rare instances in the nation's history in which courts struck down a challenged statute on non-delegation grounds). Typically, challenges under the Non-Delegation Clause to statutes governing the administration of the criminal justice system are not successful because Court conclude that the statutes in question include sufficient guidance and detail. *See e.g.*, *Mistretta*, 488 U.S. at 374 (upholding constitutionality of the Sentencing Guidelines because "Congress' delegation of authority to the Sentencing Commission is sufficiently specific and detailed to meet constitutional requirements"); *Touby v. United States*, 500 U.S. 160, 165 (1991) (upholding constitutionality of Congress's delegation of authority to the Attorney General to add controlled substances to the statutory schedules on a temporary basis); *Khan v. Hart*, 943 F.2d 1261, 1264–65 (10th Cir. 1991) (upholding constitutionality of Congress's delegation of authority to the President to set maximum penalties for violations of the Uniform Code of Military Justice); *see also Lopez v. Rardin*, No. 24-CV-3285 (KMM/DJF), 2025 WL 1520591, at *3 (D. Minn. Apr. 8, 2025), *report and recommendation adopted*, No. 24-CV-3285 (KMM/DJF), 2025 WL 1520426 (D. Minn. May 28, 2025) (upholding constitutionality of Congress's delegation of authority to the BOP in 18 U.S.C. §§ 3624(b)(1), 3632(d), (e) to make disciplinary determinations for purposes of awarding or reducing good-time credits).

The Court reaches the same conclusion in this case. Federal statutes direct the BOP to "provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). Other statutes more expressly direct the BOP to withhold time credits from prisoners who fail to abide by disciplinary regulations. *See* 18 U.S.C. § 3624(b)(1) (good-time credits); 18 U.S.C. § 3632(d), (e) (First Step Act earned-time credits). More specifically, section 3624(b)(1) allows the BOP to determine whether a prisoner has demonstrated "exemplary compliance with institutional disciplinary regulations" or has "not satisfactorily complied with such institutional regulations" and requires the BOP to consider a person's progress toward earning a high school diploma or equivalent degree. Similarly, section 3632(d) requires the BOP to apply good-time credits for completion of "evidence-based recidivism reduction programs" and section 3632(e) requires the BOP to "develop guidelines for the reduction of rewards and incentives earned under subsection (d)" for prisoners who violate certain rules. Subsection (e) also sets forth procedural requirements that govern the BOP's determination of when a person is subject to these reductions in rewards and incentives. As this Court has recently concluded, these statutory principles guide the BOP's exercise of authority, satisfying the Non-Delegation Clause. *Lopez*, 2025 WL 1520591, at *3 (upholding constitutionality of Congress's delegation of authority to the BOP in 18 U.S.C. §§ 3624(b)(1), 3632(d), (e) to make disciplinary determinations for purposes of awarding or reducing good-time credits). Morales cites to no legal authority to the contrary, and this Court is aware of none. Absent a well-developed argument that these specific statutory

provisions lack specificity or are otherwise distinct from those upheld in *Mistretta*, *Touby*, and others, the Court denies the petition.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Respondent Jared Rardin's motions to dismiss (24-CV-03121 Doc. No. 23 and 24-CV-03366 Doc. No. 21) are GRANTED.

2. Petitioner Vidal Licea Morales's claims in 24-CV-03121 and 24-CV-03366 asserting violations of *Accardi*, *Miranda*, and the Appointments Clause are DISMISSED WITHOUT PREJUDICE as moot.

3. Morales's claims in 24-CV-03121 and 24-CV-03366 asserting violations of the Non-Delegation Clause are DISMISSED WITH PREJUDICE.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 8, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court